IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN J. DUARTE, on behalf of
himself and all others similarly
situated,

                **Plaintiffs,**

v.                                         Case No.  09-1366-JTM-DWB

PPG INDUSTRIES, INC. ,

                **Defendant.**

## ORDER

On February 8, 2010, the Court received a letter from counsel for Defendant, PPG Industries, Inc. concerning a communication with Lowe's Team Territory Managers (TM's) by an individual who is not a named party or opt-in party in this case.  (Doc. 34.)  The communication at issue is a letter dated January 21, 2010 from Geoff Hudson to "fellow TM's." (the Hudson Letter)  (Doc. 34-1.)  At the scheduling conference in this case which was held on February 9, 2010, the Court discussed the contents of this letter with counsel for all parties.  After hearing statements of all counsel the Court enters the following Order in this case authorizing a corrective notice in the form attached to this Order.

## The Court's Role in Managing this FLSA Case

In <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Supreme Court considered whether district courts may play any role in proscribing the terms and conditions of communications from the named plaintiffs in a ADEA case to the potential members of the class on whose behalf the collective action was brought. While that case involved the ADEA, the Court noted that the ADEA incorporated the provisions of the FLSA, 29 U.S.C. § 216(b), concerning collective actions. The Court emphasized that the benefits of collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170. To accomplish this, section 216(b) "must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." 493 U.S. at 170. A district court meets its management duty in a collective action by monitoring preparation and distribution of the notice, in order to assure that it is "timely, accurate and informative," and everyone benefits from a procedure where

disputes about the content of the notice are resolved before any notices are distributed to potential class members. 493 U.S. at 172.

In considering the content of a proposed notice, the court is not bound by the notice agreed to by the parties, but has the authority to approve or disapprove a proposed collective action notice. Carson v. Bank of Blue Valley, Inc., No. 04-2507-CM, 2005 WL 4708215 * 1 (D. Kan., Sep 19, 2005). The above procedure is precisely what was followed in this case when the court reviewed the proposed notice and authorized it to be sent to TMs who were potential members of the class and who had the right to seek to opt-in to this collective action. *See* Doc. 18.

### The Unauthorized Communication with TMs

After review of the February 8, 2010 letter from defendant's counsel, it appears that the Hudson Letter is an unauthorized communication with at least some of the TM's who were to receive The Notice of Collective Action Lawsuit which was authorized by this court. It appears that Hudson is a named party plaintiff in later lawsuit filed against defendant, PPG Industries, Inc. in the case of Seymour v. PPG Industries, Inc., Case No. 2:09-cv-01707-JFC (W.D. Pa.), and that his letter was sent without any prior approval or consideration by the District Court in the Western District of Pennsylvania. In fact, the court has been advised that PPG Industries, Inc.

has filed a motion with the court in Pennsylvania concerning this unauthorized communication with potential class members.

**The Corrective Notice**

After review of the Hudson Letter, the court believes that the letter has the potential to create confusion among the TMs who received The Notice of Collective Action Lawsuit in this case. In fact, there is a strong indication that the letter has been a contributing factor in the decision of at least one opt-in plaintiff to withdraw his election to opt-in to the present lawsuit. *See* Doc. 29 (Withdrawal of Consent to Become a Party Plaintiff by Michael P. McMahon). Because of the likelihood of confusion to those TMs who received the Notice in this case, the court finds that a Corrective Notice should be sent to all TMs who previously were sent notices in this case. *See* Bullock v. Automobile Club of So. Cal., No. SA CV01-731-GlT)ANX, 2002 WL 432003 * 2 (C.D. Cal., Jan 28, 2002).

In drafting the attached Corrective Notice, the court is mindful that in exercising the discretionary authority to oversee the notice-giving process, the court must be scrupulous to respect judicial neutrality and to avoid even the appearance of judicial endorsement of the merits of the action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. at 174. *See also*, Manual for Complex Litigation, Third, § 30.24. Accordingly, the court is unable to comment on the substance of the alleged

misrepresentations in the Hudson Letter which were discussed by defendant's counsel in the letter of February 6, 2010 at this time. The TM's receiving the Corrective Notice should be advised, however, that the statements in the Hudson Letter are wholly unsupported in the letter itself and that the statements have been made without any review or consideration of their accuracy or truthfulness by the U.S. District Court for the Western District of Pennsylvania or by the court in this case.

**IT IS THEREFORE ORDERED** that Defendant, PPG Industries, Inc. forward a copy of the Corrective Notice of Collective Action Lawsuit which is attached to this Order to all TMs who were sent copies of the initial Notice of Collective Action Lawsuit in this case. Upon completion of this mailing, counsel shall file a notice of service stating the date of such mailing.

Dated this 11th day of February, 2010, at Wichita, Kansas.

                                    s/ DONALD W. BOSTWICK
                                    Donald W. Bostwick
                                    U.S. Magistrate Judge