IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN J. DUARTE,

    Plaintiff,

vs.                        Case No. 09-1366-JTM

PPG INDUSTRIES, INC.,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court upon defendant PPG Industries, Inc.'s Motion to Dismiss. (Dkt. 84). For the following reasons, the court grants the motion.

## I. BACKGROUND

Plaintiffs Astuto, Cronin, Hare, and Stoller joined plaintiff Duarte's claim against PPG Industries, Inc. ("PPG"), which alleged PPG inappropriately classified the plaintiffs as exempt from overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq*. On September 10, 2010, PPG served the plaintiffs with discovery requests due on October 13. PPG agreed to grant the plaintiffs until November 8, to respond. Plaintiff's counsel informed PPG's counsel that plaintiffs were not cooperating with the discovery requests. Plaintiff's counsel told PPG's counsel that PPG was entitled to responses to the discovery requests. PPG filed its unopposed motion to compel discovery on November 9, 2010. The magistrate granted the motion, assigning the deadline for

1

discovery on November 30. On November 30, Plaintiff's counsel reported to PPG that he had been unable to secure the plaintiffs responses to PPG's discovery requests. Two weeks after the deadline, PPG filed this motion to dismiss plaintiffs Astuto, Cronin, Hare, and Stoller under FED.R.CIV.P. 37(b)(2)(A)(v). Additionally, PPG requests reimbursement of reasonable expenses, including attorney's fees, from plaintiffs under Rule 37(b)(2)(C).

## II. DISMISSAL UNDER RULE 37(b)(2)(A)(v)

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ." FED.R.CIV.P. 37 (b)(2)(A)(v). This court may "impose the sanction of dismissal when a party fails to comply with a court's discovery order." *Scott v. Raudin McCormick, Inc.*, No. 08-4045, 2010 WL 3125955, at *4 (D. Kan. Aug. 6, 2010).

Rule 37(b)(2)(A)(v) gives this court discretion to dismiss these plaintiffs from the action. The plaintiff admitted that the four opt-in plaintiffs in question have chosen not to participate further and that dismissal is appropriate; therefore, the defendant's motion to dismiss plaintiffs Astuto, Cronin, Hare, and Stoller is granted.

## III. PAYMENT OF EXPENSES UNDER RULE 37(b)(2)(C)

"Instead of or in addition to [dismissal under Rule 37(b)(2)(A)(v)], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C) (emphases added). An award of expenses against the plaintiff may be unjust when plaintiffs' failure to comply with the

court order results from counsel not conveying necessary information to the plaintiff. *See Stanziale v. First Nat'l City Bank*, 74 F.R.D. 557, 560 (S.D.N.Y. 1977).

The text of Rule 37(b)(2)(C) requires this court to order "the disobedient party, the attorney advising that party, or both" to pay PPG's reasonable expenses caused by their failures. This requirement has two exceptions: (1) the plaintiffs' failures to respond to the discovery order were "substantially justified," or (2) awarding these expenses would be unjust because of other circumstances. Duarte does not argue that the plaintiffs' failures to respond to the discovery order were "substantially justified."

Duarte argues that monetary sanctions are unjust in these circumstances. First, he argues PPG has vengeful motives. As previously noted, the reasonable fees sought by PPG are mandatory; PPG's motives in seeking enforcement of the rule are irrelevant. Second, plaintiff argues that because the unresponsive plaintiffs are only opt-in plaintiffs, they are exempt from these sanctions. However, as noted by Duarte's Response, these opt-in plaintiffs were aware that they might be subjected to the requirements of discovery. The plaintiffs, despite their opt-in status, are still subject to the rules. The reasonable expenses sought by PPG are fair and appropriate.

Duarte further argues that these plaintiffs were not informed of the possible consequences of not participating in discovery. This lack of awareness does not free the plaintiffs from their responsibility to comply with the court order. It does, however indicate that counsel did not advise them about this issue. Counsel bears the responsibility of advising his clients about the Federal Rules of Civil Procedure. His responsibilities include informing the plaintiffs that their failures in responding and complying with the court order could result in a financial burden. The most appropriate result is to require the attorney to pay for the reasonable expenses mandated by Rule

37(b)(2)(C). *See Stanziale*, 74 F.R.D. at 560. Therefore, PPG is entitled to reasonable expenses, including the attorney's fees it incurred in preparing this motion, to be paid by the plaintiffs' attorney. By April 22, 2011, PPG shall file a pleading setting forth the amount of expenses and fees it seeks to recover and an affidavit itemizing those expenses and fees. After reviewing PPG's pleading, the Court will issue an order specifying the amount of the award and the time for payment.

IT IS ACCORDINGLY ORDERED this 21st day of March, 2011, that the defendant's Motion to Dismiss (Dkt. 85) is granted.

                                                      s/ J. Thomas Marten
                                                      J. THOMAS MARTEN, JUDGE