IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN J. DUARTE,

    Plaintiff,

vs.                        Case No. 09-1366-JTM

PPG INDUSTRIES, INC.,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Reconsideration (Dkt. 98) of the court's Memorandum and Order awarding sanctions against plaintiff's attorney (Dkt. 96). For the following reasons, the court denies the motion.

A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. KAN. RULE 7.3. Appropriate circumstances for reconsideration include situations in which the court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). A losing party should not use a motion for reconsideration as a vehicle to rehash arguments previously considered and rejected. *Id.* Nor does a party's failure to present his strongest case in the first instance entitle him to a second chance in the form of a motion for reconsideration. *Sac & Fox Nation of Mo. V. LaFaver*, 993 F. Supp. 1374, 1375-76 (D. Kan. 1998). The decision to grant

or deny a motion for reconsideration is committed to a court's discretion. *Id.* at 1376.

Plaintiff requests reconsideration based on the need to correct clear error or prevent manifest injustice. Dkt. 98. First, plaintiff argues that awarding attorney's fees to defendant is contrary to the FLSA, because the FLSA does not allow such an award. This argument does not take the Federal Rules of Civil Procedure into account. Scant case law exists concerning the appropriate sanction for opt-in plaintiffs' failure to respond to court-ordered discovery in an FLSA action. *Davis v. Westgage Planet Hollywood Las Vegas*, No. 2:08-cv-00722, 2010 WL 54590775, at *3 (D. Nev. Nov. 8, 2010). This lack of precedent, however, neither precludes awarding reasonable expenses under Rule 37, nor does it suggest that such awards run contrary to the FLSA.

Second, plaintiff argues this court incorrectly stated that the opt-in plaintiffs were "uninformed." In his response to the original motion for sanctions, plaintiff stated that counsel advised the opt-in clients they might be dismissed for their failure to answer interrogatories but did not advise them of other possible sanctions. (Dkt. 88). Plaintiff's argument in responding to the original motion for sanctions was, essentially, that it would be unfair to penalize the opt-in plaintiffs, because they were unaware of the possibility of these sanctions. The court found this argument persuasive and held plaintiffs' counsel responsible. Plaintiff's current argument that the opt-in plaintiffs were correctly informed runs contrary to counsel's own prior statement.

The plaintiff's other arguments include an analogy to Rule 11's sanctions and a policy argument, both of which are inappropriate in a motion for reconsideration.

After reviewing the arguments, the court finds no reason for amending or altering its previous Memorandum and Order. Plaintiff has not presented new evidence, nor has he demonstrated that this Court misunderstood the facts or erred in applying the law.

2

IT IS ACCORDINGLY ORDERED this 25th day of April 2011, that plaintiff's Motion for Reconsideration (Dkt. 98) is denied.

                                                    s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE